## CITY CENTRAL BANK & TRUST CO. v. JACKSON et al.

### No. 8707.

Court of Civil Appeals of Texas. San Antonio.

Jan. 13, 1932.

Hicks, Dickson, Bobbitt & Lange and Fagan Dixon, all of San Antonio, for appellant.

Griffin & Kimbrough, of McAllen, for appellees.

SMITH, J.

1. On October 18, 1930, W. R. Jackson and wife, appellees herein, recovered a money judgment separately against A. Y. Baker and others, with a decree of foreclosure of the vendor's lien given upon certain land in Hidalgo county to secure the payment of certain notes executed by said defendants as a part of the purchase price of said land. The liability of the defendants was several, being for specific proportionate parts of the money judgment. The judgment provided for execution and order of sale of the land, and for deficiency execution against the defendants according to their several liabilities.

2. A. Y. Baker, one of said defendants, died on November 1, 1930, and before issuance of any executions on said judgment, leaving a will in which appellant herein, City Central Bank & Trust Company, was appointed as independent executor of the decedent's estate. Appellant qualified as such executor on December 25, 1930.

3. On November 8, one week after Baker died, execution and order of sale was issued directing the serving officer to levy upon and sell all of said land, and further directing him to make up any deficiency "out of any property of said defendants," naming each of them, including the deceased Baker. Under this authority the officer levied upon said land and advertised it for sale on a day certain, but on the day designated the officer abandoned the sale, at the instance of appellees, as plaintiffs in judgment, and upon payment of the costs by the executor of Baker's estate.

4. On January 8, 1931, appellees procured the issuance of an alias order of sale of the land mentioned. The order contained recitals of the facts that Baker was deceased, and that appellant was acting as executor of his estate, and directing that notice of sale be served upon appellant and the legatees named in the decedent's will. The officer was directed to make the sale as ordered in the original order of sale, and to make the deficiency, if any, out of the Baker estate and the surviving defendants. In pursuance of this order, the serving officer, F. J. Johnson, again levied upon and advertised the land for sale, which was halted by the injunction now to be described, and the execution and order were returned into court by the officer, unsatisfied because of said injunction.

5. On January 31, 1931, appellant filed this suit against appellees and the serving officer, and upon allegation of the foregoing facts prayed, first, that said alias execution, order of sale, and levy thereunder be set aside; second, and, in the alternative, for an injunction restraining the defendant from proceeding with the sale of said land under said alias execution. On the same day the trial judge granted the injunction conditioned (in contravention of article 2072, R. S. 1925, exempting executors as such from the requirement to give bond) upon appellant giving bond in the sum of $20,000, which appellant gave as required in the fiat.

6. When the injunction suit was reached on the merits, appellees filed answer in which, by way of cross-action, they prayed for revival of the judgment rendered against Baker, so as to operate upon appellant as executor. In this answer appellant pleaded to the merits of the cross-action by way of special exception, general demurrer, and general denial. After generally and specially demurring to the cross-action, and before pleading the general denial, appellant interposed the following plea:

"Third. Cross-defendant, City Central Bank & Trust Company, independent executor of the Estate of A. Y. Baker, appearing herein solely for the purpose of this plea and for no other purpose, prays the court that it be allowed the privilege granted it under Article 3437, Revised Civil Statutes of Texas, 1925, and that it be not required to plead further to this petition in so far as the same alleges a cause of action for revival of Cause No. 8035, styled W. R. Jackson et ux. vs. A. Y. Baker et al., pending in the 93rd District Court of Hidalgo County. Wherefore, this cross-defendant prays judgment of the court that it go hence with its costs and without day."

7. The cause coming on to be heard, all parties, including appellant executor, announced ready for trial, and proceeded to a hearing upon the merits. Appellant invoked no ruling upon its demurrers, or upon the plea next above set out by whatever name, and none was made by the trial judge.

8. At the conclusion of the trial on the merits thus voluntarily entered into by all the parties, the court rendered judgment dissolving the injunction theretofore issued against appellees, reviving, as against appellant, the judgment originally rendered against Baker, and ordering execution, as in the original judgment, against all the defendants named in said cross-action. Only the Bank & Trust Company, as executor of the Baker estate, has appealed.

■■ By its first assignment of error appellant asserts that the trial court erred in overruling appellant's "plea that it be allowed the privilege granted it under article 3437, R. S. 1925, and be not required to plead

to" appellee's cross-action for revival of the original judgment. This assignment must be overruled, first, because no ruling of the court was invoked by appellant upon said plea, and none was made; and, second, because appellant voluntarily pleaded to such cross-action, and thereby waived the asserted privilege.

In its second assignment of error appellant complains of the action of the court in dissolving the injunction theretofore granted, in which appellees were restrained from further prosecuting the alias execution and order of sale issued in the original suit. We overrule this assignment. In the first place, that execution and order had been returned unsatisfied as a result of the injunction, the full object of which was thereby accomplished. The question presented in this assignment is therefore moot. Moreover, the object of the injunction was further accomplished by a decree in the judgment here appealed from that no further like process be issued upon the original judgment. For like reasons we overrule appellant's third assignment of error, in which complaint is made that the trial court erred in refusing to perpetuate the temporary injunction.

In its fourth and remaining assignment of error appellant asserts the general proposition that the court erred in rendering judgment for appellees upon their cross-action for a revival of the original judgment. This assignment is restricted in appellant's brief to the contention that the judgment was not supported by either pleadings or evidence. We have carefully considered this contention and overrule it. We think the cross-petition was sufficient, in the absence of exceptions, and that the affirmative testimony, when considered in connection with admissions in the pleadings, was sufficient to support the pleadings.

Appellant complains in its brief, but in no assigned error, that the court erred in refusing to grant appellant's motion to quash the alias order of sale and the levy made thereunder. No such motion was ruled on by the trial court, while on the other hand the object of the motion was accomplished by the writ of injunction, and appellant's complaint is therefore without merit.

So does appellant complain here, for the first time, that the court erred in requiring appellant to give bond as a condition to the issuance of the injunction. This complaint comes too late, for appellant met that condition without protest or complaint at the time, and in no event is entitled to reversal on that action of the court.

And appellant complains that the "court erred in overruling appellant's plea that it be not required to plead to appellees' cross-

action until after the expiration of one year from the probate of" A. Y. Baker's will. In overruling this contention, it is sufficient to say that appellant did not invoke any ruling of the court upon that plea, but voluntarily filed the very pleadings it claimed the privilege of withholding.

Appellees urge a cross-assignment of error, in which it is contended that the temporary injunction was wrongfully granted, and that appellees are entitled to recover damages therefor under the provisions of article 4660, R. S. 1925. We overrule this contention. The temporary injunction was not wrongfully, but was properly, granted.

The judgment is affirmed.