### ANDERSON v. HUNT et al.

### No. 13827.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 18, 1938.

Rehearing Denied Dec. 16, 1938.

L. C. Counts, of Olney, and Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellant.

E. G. Thornton, of Olney, for appellees.

BROWN, Justice.

Dr. George B. Hamilton died in Young County, Texas, on July 24th, 1933, leaving a will naming E. W. Hunt, H. C. McKinney and E. G. Thornton as independent executors and general estate trustees under the will. The will was duly probated on August 7th, 1933, and the named persons then and there qualified as such independent executors and trustees under the will.

The following provisions are found in the will:

"3. It is my will that said general estate trustees and executors, as soon after my death as is convenient, shall cause to be paid out of my estate all of my just debts; and next after paying all of my just debts, and as soon as funds therefor are available, the following gifts and payments shall be made by my said general estate trustees and executors:

"(a) To each nurse in my employ at the time of my death, who has not been in my employ for as long a period as five years, there shall be paid the sum of One Hundred Dollars.

"(b) To each nurse and other employee of the Hamilton Hospital, who at the time of my death shall have been continuously in my employ for five years or more prior to my death, there shall be paid the sum of One Hundred Dollars per year for such service.

"(c) To each nurse who has been in my employ for as long as twelve years of service altogether, although such nurse is not working for me at the time of my death, there shall be paid the sum of One Hundred Dollars per year for such service.

"The gifts provided in (a), (b) and (c) above shall not be added together, and no one person shall be given more than One Hundred Dollars per year under such provisions."

Mrs. Ada Mae Anderson, appellant, a widow, claims that she is a beneficiary under the terms of the will quoted.

It is undisputed that she called upon the executors and trustees during the month of August, 1933, and made demand for payment under her claim as a beneficiary.

Her claim and demand were refused and she brought suit against the executors and trustees on November 29th, 1937, more than four years and three months after the will was admitted to probate and after the executors and trustees had duly qualified.

The cause was tried before the District Court without the aid of a jury, and the two and four years' statutes of limitation having been pleaded in bar of plaintiff's right to recover, the trial court rendered judgment that plaintiff take nothing by reason of her suit and claim being barred.

The trial court did not indicate in the judgment which statute of limitation was applied to the case, and Mrs. Anderson, plaintiff below, having appealed from the judgment denying her relief, contends that appellant's claim and suit falls within the provisions of Article 5527, R. C. S., which prescribes four years within which the suit may be brought before same will be barred.

Conceding that such statute applies, and that appellant may rely upon its provisions because her claim arises under the terms and provisions of a written instrument, towit, the last will and testament of George B. Hamilton, it is appellant's contention that her suit was filed in due season because, she, being a nurse entitled to a portion of the deceased's estate, had no right to bring suit, under the provisions of the will until all of the just debts owing by the testator were first paid, and that certain debts, towit, the taxes due for the year 1933, and certain Federal estate taxes were not paid until the months of January and February, 1934. The contention, in a nut shell, is that appellant's cause of action did not arise until these named debts were paid. This contention is predicated upon the language used in the quoted portion of the will, wherein Dr. Hamilton stipulates that, so soon after his death as is convenient, the named trustees shall pay all of his just debts, and next, after paying all of his just debts and as soon as funds therefor are available, the gifts and payments provided for in which appellant lays claim to a right shall be paid.

We do not believe that appellant's contention is sound.

The testator, Dr. Hamilton, was a man of considerable wealth, as the inventory of his estate discloses. He had on deposit

in banks of his home city, Olney, Texas, fifty thousands of dollars, and many thousands of dollars, represented by promissory notes, were due him by those who borrowed from him, and, in addition to this large personal estate, he owned a large and valuable estate in lands and improvements, included among same being a hospital in the City of Olney, Texas. In other words, the testator's estate was solvent at all times.

A review of the will discloses that in the forepart thereof a trust is created for a minor—one Katherine Jean Hamilton. This trust provision covers a large portion of the testator's estate and may be kept in full force until the minor becomes twenty-five years of age. All of the property affected by the trust is set out in minute detail and the title thereto is specifically vested, upon the death of the testator, immediately in the named trustees, towit, M. D. Wolverton and Dr. H. P. McKinney.

Next, the testator devises certain real estate and improvements, including his hospital building and equipment, to the City of Olney, Texas. Then follow a number of bequests to designated persons, and last appears the portion of the will under which appellant claims she is a beneficiary.

In the forepart of this section of the will, the following language is used: "I devise and bequeath all of the rest and residue of the estate belonging to me at the time of my death to E. W. Hunt, Dr. H. C. McKinney and E. G. Thornton, as general trustees, for the uses and purposes and to be handled and administered as hereinafter set out. Such general estate trustees are also named and appointed as independent executors without bond."

After the payment of the benefits, in which the appellant claims a portion, this portion of the will requires the trustees, in whom title to the property is vested, to reduce the same to cash and distribute the proceeds to his named brothers and sisters and their heirs. The will is dated March 8th, 1933.

Article 3437, R.C.S., provides that any person who has a debt or claim against the estate of a decedent may enforce payment of same by a suit against the executor, and further provides that such executor shall not be required to plead to any suit brought against him for money until after one year from the date of the probate of the will.

It is established that an independent executor is required to conform to the provisions of said Article 3437, R.C.S. Alexander v. Berkman, Tex.Civ.App., 3 S.W.2d 864, writ refused.

It is also well settled that the provision with respect to not answering a suit brought until one year after the will is probated is a mere personal privilege that may be waived. City Central Bank & Trust Co. v. Jackson, Tex.Civ.App., 45 S.W.2d 433.

That a claimant may make demand upon an independent executor and meeting with a refusal of payment, may immediately bring suit against such independent executor, is well settled. Roberts v. Carlisle et al., Tex.Civ.App., 4 S.W.2d 144, writ dismissed. The last mentioned case is applied to a claimant who was a creditor of the estate.

We cannot classify appellant as such creditor. She can only qualify as a beneficiary, and one whose benefits may or must be recognized by the trustees who are responsible for managing the trust estate, out of which appellant must be paid, if she can establish her claim.

It is evident that an express trust has been created by the testator and, if appellant has any claim upon the estate, it must be as a cestui que trust.

We hold that when the trustees refused to recognize and pay appellant's claim on the estate, as a beneficiary, her cause of action then and there arose.

The Supreme Court has distinctly held: "The reason that the statute of limitation begins to run against a cestui que trust when the trustee repudiates the trust, and the act of repudiation is known to the beneficiary, is that the latter is thereby notified that the trustee no longer holds the property for him, and, if he claims the existence of the trust relation, it becomes his duty to assert his right with reasonable diligence; that is, within the time prescribed by law for prosecuting such suits, otherwise his claim would be barred by the statute of limitation." Rice v. Ward, 92 Tex. 704, 51 S.W. 844, 845. See, also, 42 Tex.Jur., paras. 130, 131, pp. 750-753.

When we examine the facts and the record in this case and come to apply the

language used by the testator to the issue before us, we do not believe that appellant's cause of action did not arise until after the trustees and executors paid the taxes assessed against the decedent's properties for the year 1933, and the payment of the Federal estate taxes which arise after the testator's death.

The will specifically charged the executors and trustees to pay all of the testator's just debts as soon as it was convenient to do so, after his death, and next, after paying such just debts, "as soon as funds therefor are available", to pay the persons entitled thereto the sums of money designated by him to the class of persons whom appellant claims she can qualify as a beneficiary.

It is undisputed that ample funds were available for all such purposes when the will was probated, when the executors and trustees qualified, and when appellant made demand on her claim and when payment thereof was refused.

 Appellant's suit was barred by limitation when her original petition was filed.

The judgment of the trial court is affirmed.