COVEY et al. v. KNIGHT et ux.

No. 5920.

Court of Civil Appeals of Texas. Amarillo.

Nov. 8, 1948.

Rehearing Denied Dec. 13, 1948.

686

Upton, Upton, Baker & Griffis, of San Angelo, for appellants.

Truett Smith and C. H. Cain, both of Tahoka, for appellees.

STOKES, Justice.

On September 14, 1909, T. S. Vaughn owned section 49 of block 8 in Lynn County, together with other land and personal property. On that day he executed his last will and testament in which he bequeathed section 49 to his two daughters in the following language:

"Fourth, I desire (sic) and bequeath to my two daughters, Martha Lula Keith and Mary Emiline Pearce, for the use and benefit of their natural heirs, and until the youngest child of each of them becomes of age, the survey of land above described herein, in the following proportions: To my Daughter, Martha Lula Keith, 375 acres off the south side of said Survey and the remainder of said Survey to my Daughter, Mary Emiline Pearce.

"Fifth, I direct that said land shall remain intact until the youngest child of each of my Daughters, mentioned in paragraph four herein, shall become of age and then the part above mentioned and set apart for said children be divided equally among them."

Only 200 acres of the portion bequeathed to Mrs. Pearce is involved in this suit. T. S. Vaughn died on January 14, 1914, and his will was duly probated by the County Court of Lynn County. Mrs. Pearce had nine children all of whom were born prior to the death of T. S. Vaughn. In September, 1917, and in March, 1918, the four oldest children conveyed all of their interests in the land to their mother and, prior to the March term 1918, Mrs. Pearce and her husband filed a suit in trespass to try title in the District Court of Lynn County against the remaining five children, appel-

lants here, namely, Ona, Cecil, Verda, Mattie and Clovis, all of whom were minors. On March 16, 1918, judgment was rendered in favor of Mrs. Pearce and against the defendants divesting them of their interest and title and vesting the same in her. The attorneys who represented Mrs. Pearce and her husband in that suit were J. A. Moore and Percy Spencer. The judgment recites that the five minor children had been duly served with citation and that J. A. Moore was appointed by the court as their attorney and guardian ad litem. On March 30, 1918, Mary Emiline Pearce, joined by her husband, G. R. Pearce, sold and by general warranty deed, conveyed the 200 acres to J. A. Brashear and W. L. Knight for a consideration of $1,896.85 in cash and two vendor's lien notes aggregating $855.65. On March 4, 1925, Brashear sold and conveyed his interest to appellee, W. L. Knight. Immediately after receiving their deed from Mrs. Pearce and her husband, the grantees, Brashear and Knight, took possession of the land and held joint possession of it until Brashear conveyed his interest to Knight, and Knight has had possession of it at all times since, holding, using, cultivating and claiming it as his own, aggregating a period of twenty-nine years before this suit was filed. During the years of their respective ownerships, Brashear and Knight paid all taxes due on the land before they became delinquent, except only for the year 1934 when they were not paid until in December, 1935. Cecil Pearce, the youngest child of the nine children born to Mary Emiline Pearce, was born March 8, 1913. He therefore became 21 years of age on March 8, 1934. Mary Emiline Pearce, the mother of all the children, is still living and is now 75 years of age. Her husband, G. R. Pearce, died in November, 1924.

This suit was instituted by W. L. Knight on March 4, 1948, in the nature of trespass to try title against the appellants, being the five children of Mary Emiline Pearce who had not conveyed their interests in the land to their mother prior to the time she conveyed it to Brashear and Knight on March 30, 1918. Appellants answered by general denial and plea of not guilty and specially pleaded that the will of T. S. Vaughn

created a life estate in their mother, Mary Emiline Pearce; that Mary Emiline Pearce is still living and, under the law, still capable of bearing children; that the period of distribution among her children was postponed until the youngest became 21 years of age which cannot be determined until her death; that she could not convey, diminish or affect the estate in remainder bequeathed to her children; and that her deed to Knight and Brashear therefore conveyed only her life estate. They further alleged that the judgment rendered by the District Court of Lynn County in 1918 was void because they were minors and were represented only by J. A. Moore who could not legally represent them because he was the attorney for the plaintiff and also because he owned an interest in an oil and gas lease on the land involved in the suit. They alleged that the instant suit was prematurely brought because the period of distribution of the property involved has not yet accrued and cannot accrue until the death of Mrs. Pearce because, until then, the law recognizes her capacity to bear children and the period of distribution of the land cannot take place until her death. By supplemental pleading appellee set up the various statutes of limitation and adverse possession, all of which were controverted by appellants upon the grounds alleged by them in their former pleadings.

The case was submitted to the court without a jury and resulted in a judgment for the plaintiff, W. L. Knight. Appellants have appealed and present the case here upon assignments and points of error in which they contend the court erred, first, in holding that the will of T. S. Vaughn, deceased, did not create a life estate in Mary Emiline Pearce with remainder to her children, subject to the opening-up and letting-in of afterborn children of Mary Emiline Pearce; secondly, in holding that the judgment of the District Court of Lynn County rendered in 1918 in favor of Mary Emiline Pearce against appellants, who were then minors, was not void as to appellants; and, thirdly, in holding that limitation has run against appellants in favor of the appellee.

■ We are not in accord with appellants in their first contention. While the will bequeathed to Mrs. Pearce and her sister, Mrs. Keith, all of section 49 in block 8, it specifically provided that the bequest was for the use and benefit of their natural heirs and it directed that the land should remain intact until the youngest child of each of them should become of age, when the distribution was to take place. The term "life estate" does not appear in the will and, in our opinion, its terms refute the idea that a life estate was contemplated or intended to be bequeathed to Mrs. Pearce. The land was bequeathed to her for the use and benefit of her children and it was to be partitioned equally among them when the youngest child became twenty-one years of age. The fact that the testator did not make provision for someone to take possession, conserve and protect the land after the death of Mrs. Pearce suggests strongly that he did not have in mind the fiction of the law that, regardless of how long she might live, she continues to be capable of bearing children. He must have had in contemplation, therefore, that the youngest child referred to in the will might become twenty-one years of age before the death of Mrs. Pearce. If that should happen, any estate or right to hold possession of the land or to use the same which was accorded to Mrs. Pearce by the will would necessarily come to an end during her lifetime. As we construe the will, T. S. Vaughn bequeathed the land to Mrs. Pearce as trustee for the use and benefit of her children and that a trust was created for their benefit as completely and effectively as if the testator had employed the word "trustee." In our opinion the testator had no intention to give to Mrs. Pearce any title or estate whatever except as a trustee with the duty of conserving the land, protecting her children's interest therein and using its revenue and products for the benefit of the children during the tenure of the trust. The real title to the land vested in Mrs. Pearce's children upon the death of the testator unencumbered by any life estate or any other interest of any person whomsoever. McMullen v. Sims, Tex.Com. App., 37 S.W.2d 141.

■ Instead of preserving the estate and using it for the use and benefit of the real beneficiaries and devisees of T. S.

Vaughn, Mrs. Pearce sold it and conveyed it to the appellee and his partner for a valuable consideration. Not only that, but she put the purchasers in possession and, as far as the record reveals, she appropriated the proceeds of the sale to her own use. This was a repudiation of the trust which had been confided to her by her father's will and the result of the sale and purchase was to make Knight and his partner, Brashear, trustees in her stead for the benefit of the appellants whose rights were violated by the sale. They became trustees by operation of law and, since the will of T. S. Vaughn constituted a muniment of their title, they had notice of the trust and the nature of the title which they were purchasing. Alexander v. Harris, Tex.Civ. App., 254 S.W. 146.

■■ The next contention urged by appellants is that the judgment in Cause No. 334 of the District Court of Lynn County in favor of Mary Emiline Pearce and against appellants was void and the court erred in holding otherwise. That suit was one in trespass to try title and it was filed by J. A. Moore and Percy Spencer as attorneys for Mrs. Pearce and her husband. The land involved there included the land involved in the instant suit and the appellants, with others, were defendants. At that time all of the appellants were minors and the court appointed J. A. Moore to represent them as attorney and guardian ad litem. The record also reveals that, at that time, J. A. Moore owned an interest in an oil and gas lease on the land involved. The judgment divested the appellants of their title and interest in the land and vested the same in Mary Emiline Pearce. Appellants are correct in their assertion that J. A. Moore was not qualified to represent them as attorney and guardian ad litem. He should not have been appointed as their representative and, having been appointed, he should have declined to serve. The court had jurisdiction of the case, however, and it is settled by a long and unbroken line of decisions of the courts of this state and those of every other jurisdiction in this country as far as we know that, where a court of general jurisdiction, in the exercise of its ordinary functions renders a

judgment in a cause of which it has jurisdiction, the judgment is never void regardless of how erroneous it might appear to be. Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329; Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66; Newman v. City of El Paso, Tex.Civ.App., 77 S.W.2d 721; Longmire v. Taylor, Tex.Civ.App., 109 S.W.2d 525; Clark v. Puls, Tex.Civ.App., 192 S.W. 2d 905.

■■ It cannot be questioned that the District Court of Lynn County had jurisdiction to try the case. It was one of trespass to try title, involved the title to land, and no other court in Texas had jurisdiction to entertain it and to adjudicate the issues involved. That the judgment was voidable can hardly be questioned and appellants could no doubt have avoided it if they had pursued the remedy open to them either by an appeal from the judgment or a direct attack upon it even after they arrived at their respective maturities. Neither of these courses was taken, however, and even the present suit is nothing more than a collateral attack which cannot be maintained. It is clear therefore that appellants' second contention is without merit.

■ Appellants next contend the court erred in sustaining appellee's various pleas of limitation and adverse possession. Appellees pleaded the Three, Five, Ten and Twenty-five Year Statutes of Limitation under Articles 5507, 5509, 5510 and 5519, R.C.S.1925, Vernon's Ann.Civ.St. Arts. 5507, 5509, 5510, 5519, and the court sustained all of them. Appellants contend that the will of T. S. Vaughn, deceased, created a life estate in Mary Emiline Pearce with remainder to appellants and that neither Mrs. Pearce nor appellee, who deraigns his title through her, could mature a title by limitation against them because the appellees, being remaindermen, had no immediate right to possession. They assert that Mrs. Pearce had only a life estate in the land and that appellee could procure no greater estate through purchase from her. As we have already said, the will of T. S. Vaughn did not bequeath to Mrs. Pearce a

life estate in the land but created in her a trust for the use and benefit of appellants. Being a trustee by appointment in the will of T. S. Vaughn and having assumed the duties of trustee under such appointment, none of the statutes of limitation invoked by appellee would operate in her favor and against appellants unless and until she, in some manner, repudiated the trust and appellants had notice of it. Her possession of the land was their possession and there could be no adverse holding until she denuded herself of the trust by selling it or assuming to hold the title as her own and notified the cestuis que trust of her repudiation of the trust. Whether such repudiation and notice would have been effective against appellants as long as they were minors is not before us but it would certainly become effective against them after they reached their maturities. When Mrs. Pearce sold the land to appellee and his partner on the 30th of March, 1918, she repudiated the trust relation and when she put the purchasers in possession, appellants were thereby notified of the repudiation and the statutes of limitation were put into operation except for the infancy of the appellants. Upon attaining their majority this exception was eliminated and no further obstacle to their effectiveness and operation existed. Appellee and Brashear became substitute trustees instead of Mrs. Pearce. When Brashear sold his interest to appellee on the 4th of March, 1925, appellee continued to be the trustee but the trust thus created was not by appointment nor by contract or agreement of the parties. It was a constructive trust, created by the rules of equity, and it is well established by the authorities that the statutes of limitation and adverse possession will run in favor of such a trustee against his cestui que trust when the latter is not under disability of infancy, coverture or the like. The fact that constructive trusts are governed by the rules of equity jurisprudence is of no consequence because equity follows the law in such matters and applies the periods of limitation provided by it. Kennedy v. Baker, 59 Tex. 150; Phillips v. Sherman, Tex.Civ.App., 39 S.W. 187; Ebberts v. McLean, Tex.Civ.App., 68 S.W. 2d 1077; Old Nat. Life Ins. Co. v. Jerusalem Lodge No. 67, Tex.Civ.App., 192 S.W.2d 921, and the cases therein cited.

The youngest child of Mrs. Pearce became of age in 1934. The repudiation of the trust, notice thereof and of the adverse possession of appellee became effective against the youngest child some fourteen years prior to the date the suit was filed, and, of course, longer than that against the older children. It is clear, therefore, the Five-Year Statute, Article 5509, and the Ten-Year Statute, Article 5510, R.C.S., had run against all of the appellants when the suit was filed and the court did not err in sustaining appellee's pleas of limitation under them.

Appellants make the further contention that, under the will of T. S. Vaughn, deceased, they were not entitled to distribution and possession of the land until the youngest child of their mother, Mrs. Pearce, became twenty-one years of age and that the law still recognizes the possibility of another child being born to her. They assert therefore that no limitation could operate against them until the death of Mrs. Pearce because, if she should bear another child, their right of possession would still be postponed until that child attained its majority. This contention cannot be sustained because, as we have already said, the statute of limitation begins to run against a cestui que trust when the trustee repudiates the trust and the act of repudiation is known to the beneficiary. The reason for the rule is that the beneficiary is thereby notified that the trustee no longer holds the property for him and, if he claims the existence of the trust relation, it becomes his duty to assert his right with reasonable diligence, which is within the time provided by law for the institution of such suits and litigation as will protect his rights. If he does not do so, his claim is barred by the statutes and, if properly pleaded and proven, they must be sustained, as the court did in this case. Rice v. Ward, 92 Tex. 704, 51 S.W. 844; Anderson v. Hunt, Tex.Civ.App., 122 S.W.2d 345. The mere fact that the law recognizes Mrs. Pearce as still being capable of bearing children does not affect the rights or duties of appellants as beneficiaries. If such a thing should happen it might affect the

quantum of their respective interests in the land but its possibility did not relieve them of their duty to assert their rights with reasonable diligence after arriving at their respective maturities.

From what we have said it is clear that, in our opinion, none of appellants' assignments presents reversible error. The judgment of the court below will therefore be affirmed.